JOHN HOLLAND, Respondent, *v.* ERNEST M. TURNER, Appellant.

First Department, November 7, 1919.

Negligence — contributory negligence — choosing unsafe place to pass through building in process of repair when safe place is available — duty of person repairing building to apprehend that others will pass over floors made unsafe in course of repair — duty of person in going through building in course of repair to exercise reasonable care.

Where in an action for negligence it appeared that the defendant, who was under a contract to change the stairs in a building, removed the flooring on the second floor near the head of the stairs and took out some crosspieces that were between the joists to keep them upright, thereby making that place unsafe to walk over, but that there was abundant room immediately adjoining the open space by which the stairs could be reached, the plaintiff, a plumber engaged in doing repair work in the same building and familiar with the work done by the defendant, is guilty of contributory negligence if, instead of going around the open space and across the safe floorway to reach the head of the stairs, he started to walk on the joists across the open space and one of them gave way causing him to fall and receive the injuries for which he sues.

A person engaged in repairing a building is not bound to apprehend that others will attempt to walk over a place made unsafe by process of repair, when there is another perfectly safe way.

Where a person walking through a building in course of repair shows an utter disregard of the precaution which a reasonable man would have taken to avoid danger, he is guilty of contributory negligence.

APPEAL by the defendant, Ernest M. Turner, from a judgment of the Supreme Court in favor of the plaintiff, entered

*Joseph F. Murray* of counsel [*Robert M. McCormick*, attorney], for the appellant.

*Louis H. Solomon* of counsel [*Braun & Solomon*, attorneys], for the respondent.

SMITH, J.:

The action is brought to recover for negligence. The owner of a building 410–416 East Sixty-eighth street in the borough of Manhattan made a contract with this defendant under which contract the defendant was to change the location of a stairway leading from the first to the second floor. This involved the necessity of cutting out some joists on the second floor about twelve feet from the head of the stairway as it theretofore existed. In the process of the work the contractor had taken off the floor boards for the space of about twelve feet to the east of the stairway. He had also taken out some small crosspieces that are used between joists for the main purpose of keeping the joists upright. Plaintiff was a plumber, also engaged under contract in the repair of this same building. He was on the second floor and had occasion to go to the first floor. He proceeded to walk across these joists from which the boards had been taken and from which the side supports had been taken to the stairway, and one of the joists tipped over and fell to the floor below, causing him to fall and thereby he sustained the injuries for which he sues.

This room in which this work was being done was sufficiently wide so that there was abundant room south of this open space for the plaintiff to walk upon a safe floorway. In going to the stairs upon the safe path he would have had to pass over from three to four feet of joists upon which there was no flooring, because the flooring had been taken up by the carpenter at the request of the plumber, to give him space for his pipes. In this three or four feet, however, the joists were perfectly strong and would have furnished a per-

fectly safe passage for the plaintiff. After he was hurt he was taken up to the second floor where the office is situated and was taken along this floorway where, as it is indicated, he might have walked with perfect safety to reach the head of the stairs in order to descend. Instead of taking this safe path he chose to make a short cut and pass over joists from which the flooring had been taken up and from which the side supports had been taken away.

I can find no evidence of negligence on the part of the defendant and abundant evidence of contributory negligence on the part of the plaintiff.

If this were the only pathway to the head of the stairs and persons had occasion to go up and down the stairs, a different question might be presented, but defendant was proceeding to do just what he was engaged to do, taking down these joists in order that he might replace the stairway in a different position. He had no reason to apprehend that any one else would walk over the joists from which he had removed the flooring and the side supports when there was another perfectly safe way by which the stairway could be reached, and the plaintiff, in walking around a building in course of repair, is bound to the exercise of the reasonable care of an experienced man, such as he was, and the proof shows his utter disregard of such precautions which a reasonable man would have taken to avoid danger.

The judgment and order should, therefore, be reversed, with costs, and the complaint dismissed, with costs. The finding that the defendant was guilty of negligence and the finding that the plaintiff was free from contributory negligence are reversed.

CLARKE, P. J., LAUGHLIN, DOWLING and MERRELL, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs.